**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-3324

———————

UNITED STATES OF AMERICA

v.

KEVIN ALYN MADZIAREK,
                                     Appellant

———————

On appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:20-cr-00243-001)
U.S. District Judge: Honorable Christopher C. Conner

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2022

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: December 12, 2022)

———————

**OPINION** *

———————

BIBAS, *Circuit Judge*.

   Kevin Madziarek was camping with his son and brother on a friend's undeveloped land

when neighbors called the police, saying they had heard gunshots. Police went to

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

investigate. While speaking with the neighbors, they ran into Madziarek's brother. He did not know where Madziarek was but agreed to take them to the campsite.

At the campsite, the officers found a tent, a smoldering campfire about thirty to fifty feet away from the tent, and a group of items a few feet beyond that. Among those items, they spotted "two cylindrical devices." App. 134. They suspected, correctly, that these were improvised explosives. Madziarek was charged with unlawfully possessing a destructive device, in violation of 26 U.S.C. §§ 5845(a)(8), 5861(d). The District Court denied his motion to suppress under the Fourth Amendment.

On appeal, Madziarek claims only that the officers needed a search warrant because his tent was an "abode" with curtilage protected from search. Appellant's Br. 13. In the District Court, he defined the reach of that curtilage as "*very small* and extend[ing] *only* around the tent and *to* the fire ring." App. 111 (emphases added). Relying on this definition, the District Court found that the explosives "were *outside* the area Madziarek claims is protected curtilage." App. 141 (emphasis in original).

Madziarek does not challenge where the explosives were found. But he now argues that the curtilage includes the "firepit area." Appellant's Br. 14. This fuzzier phrasing seems to expand his curtilage claim. But he waived any argument adding to his proposed curtilage. *See United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013).

In any event, the area in which the explosives were found could not fairly be considered curtilage. It was at least thirty feet from Madziarek's tent, not concealed or enclosed, and visible from a shared road. On these facts, he had no reasonable expectation of privacy. *See United States v. Dunn*, 480 U.S. 294, 301 (1987). So the area was an "open field," and

2

the officers did not violate the Fourth Amendment by entering it. *See Oliver v. United States*, 466 U.S. 170, 180 n.11 (1984). We will therefore affirm.